UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ALLAYAH THOMAS, *et. al.*,

Plaintiffs,

v.

DANIEL WAYNE RUSSEL, *et. al.*,

Defendants.

Case No. 3:24-cv-00357-MMD-CLB

ORDER

Plaintiffs Allayah Thomas and Michael Denard, by and through their Guardians Ad Litem, Nadine Davis and Chenoa Denard, respectively, filed their Petition for Approval of Proposed Settlement and Request to Establish Special Needs Trust. (ECF No. 83 (the "Petition"); ECF No. 85 (sealed Petition)[1].) Defendants filed a response to essentially indicate they do not oppose the Petition. (ECF No. 86.) The Court has reviewed the Petition and supporting exhibits and declarations and will grant the Petition.

Federal Rule of Civil Procedure 17(c) requires the district court to conduct its own independent inquiry and approval of any settlement reached by a minor or incompetent person to ensure that the settlement serves the best interest of the minor. This duty extends to cases like this one, where a guardian ad litem has agreed to settlement terms on behalf of a minor or other incompetent person. See, e.g., *Dacanay v. Mendoza,* 573 F.2d 1975, 1080 (9th Cir. 1978).

When determining whether a settlement reached on behalf of a minor or incompetent plaintiff is reasonable and protects the interest of the plaintiff, the district court should focus on whether the net recovery to each minor or incompetent plaintiff is fair and reasonable to the plaintiff. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir.

[1]Plaintiffs included the Declaration of Carter M. Zinn ("Zinn Declaration") as support and later filed the corrected Zinn Declaration and accompanying exhibits to address sealing issues. (ECF No. 89.)

2011). One of the methods of determining whether the net amount to the plaintiff is fair is to compare the verdicts or settlements in similar cases. *Id*. at 1182. The Court finds that the proposed settlement here is fair and reasonable and protects the interest of the minor Plaintiffs. In particular, the Court finds:

1. The settlement amount reached by the parties is reasonable and in the best interests of Plaintiffs in this complex, contested personal injury case, and this settlement is in the interest of Plaintiffs; and
2. Plaintiffs agreed to allocation between the Plaintiffs and agree that the allocation is reasonable and in their best interest given their respective injuries and the strength and weaknesses of their case.

Under Nevada state law, when considering the settlement of a claim made by a minor or incompetent adult, the Court also has an independent duty to determine the attorneys' fees and costs requested by Plaintiffs' counsel are also fair and reasonable to the Plaintiffs. *Haley v. District Ct.*, 128 Nev. 171, 178 (2012); *Mainor v. Nault,* 120 Nev. 750, 758-759) (2004). When determining the fairness and reasonableness of attorneys' fees and costs requested in the settlement of a minor or incompetent adult, courts in Nevada rely on the following four factors: "(1) The qualities of the attorney, (2) the character of the work to be done, (3) the actual work performed by the attorney, and (4) the case's result." *Haley, supra,* at 178 *(quoting Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349 (1969)). A court must give consideration to each factor but "no one element should predominate or be given undue weight." *Id.*

In applying the *Brunzell* factors, this Court finds that the requested attorneys' fees are fair and reasonable as follows:

1. <u>Qualities of the Attorneys</u>: The Court finds that Plaintiffs' counsel, the Zinn Law Firm and Matthew Sharp, Ltd., are qualified. They possessed the training, skills, experience, and resources to effectively litigate this case and represent Plaintiffs' interests and reach a fair and reasonable result for their clients.

2. The nature of the work required of Plaintiffs' counsel: Plaintiffs' counsel's contingency fees is consistent with what is customary in the relevant area of practice. This was a complicated personal injury involving severe injuries and complex liability, and Defendants contested the case. There were over twenty liability, causation, and damage experts disclosed by both sides. Given the complexities regarding both liability and damages, this case required a significant amount of time and resources from the counsel and required a high level expertise in trucking safety and complex personal injuries.

3. Work actually performed: Plaintiffs' counsel performed a significant amount of work over three and a half years of litigation, including taking or defending over fifteen depositions, reviewing thousands of documents, motion practice, and retaining and serving expert reports from twelve different retained experts on the subjects of breach, causation and damages.

4. Case Result: As stated, Plaintiffs' counsel obtained a fair and reasonable result that was in the best interest of Plaintiffs' and was consistent the quality of the attorneys, the nature of the work in the case, and the amount of time actually spent.

In sum, the Court finds that each of the four *Brunzell* factors supports an award of the attorneys' fees requested.

The Court has reviewed the costs incurred by Plaintiffs' counsel for which counsel now requests reimbursement from the settlement proceeds. The Court finds the costs incurred as summarized in the Petition, the Zinn Declaration, and the exhibits thereto, were reasonably necessary to represent the best interests of Plaintiffs.

Therefore, good cause having been found, the Court orders as follows:

A. The Petition is approved, including the amount of the global settlement agreed to by the parties, the fully executed copy of which is attached to the Zinn Declaration (ECF No. 89, Exhibit 1), and as stated in Paragraph 108 of the Petition;

B. The Allayah Thomas Special Needs Trust, a first-party (d)(4)(A) special needs trust under 42 U.S.C. § 1396p(d)(4)(A), is established to hold the net settlement proceeds for the sole benefit of Ms. Thomas;

C. The Michael Denard Special Needs Trust, a first-party (d)(4)(A) special needs trust under 42 U.S.C. § 1396p(d)(4)(A), is established to hold the net settlement proceeds for the sole benefit of Mr. Denard;

D. The terms of the proposed trust instruments attached to the Zinn Declaration (ECF No. 89, Exhibits 36 and 37) are hereby approved;

E. The Court hereby appoints Heather Fisher as Trustee of both the Allayah Thomas Special Needs Trust and the Michael Denard Special Needs Trust;

F. Plaintiffs shall assure that the payments due under the settlement are made consistent with the Settlement Agreement reached by the Parties, which has been filed under seal as Exhibit 1 to the Zinn Declaration (ECF No. 89);

G. Plaintiffs' attorneys' fees and costs requested are approved, and Plaintiffs' counsel shall make the distributions in accordance with paragraphs 125 through 148 of the Petition and Exhibits 21 to 26 of the Zinn Declaration (ECF No. 89);

H. With respect to the Medi-Cal lien, any amount paid below the estimated amount of lien referenced in paragraph 134 to the Petition shall be accounted for and paid to Allayah Thomas Special Needs Trust;

I. After payment of attorney's fees, costs, lien reimbursements, and approved disbursements as described above, the Zinn Law Firm shall deposit Allayah Thomas's net settlement proceeds directly into the Allayah Thomas Special Needs Trust;

J. After payment of attorney's fees, costs, lien reimbursements, and approved disbursements as described above, the Zinn Law Firm shall deposit Michael Denard's net settlement proceeds directly into the Michael Denard Special Needs Trust;

K. Upon the Court's establishment of each trust, the Trustee of each trust shall file a petition in the Superior Court of California for Contra Costa County, Probate Division, to bring each trust under the ongoing jurisdiction of that court. Once the Contra Costa County

Probate Court assumes jurisdiction, the Trustee will be required to file a bond and the trusts will be subject to scheduled court accountings, court approval for all trustee compensation and attorney fees, and court approval for any change of trustee, all as required by California law;

L. Nadine Davis, as guardian ad litem for Allayah Thomas, is hereby authorized to execute the Allayah Thomas Special Needs Trust instrument on behalf of Ms. Thomas;

M. Chenoa Denard, as guardian ad litem for Michael Denard, is hereby authorized to execute the Michael Denard Special Needs Trust instrument on behalf of Mr. Denard;

N. No later than five (5) business days after the payment due at the time of settlement has been made and the structured settlement annuities have been purchased, as described in the Settlement Agreement, Plaintiffs shall file a stipulation to dismiss this action with prejudice as to all Defendants, each party to bear their own costs and fees;

O. Within 90 days from the date of this Order, Plaintiffs shall report to this Court that the settlement payments as described settlement agreement have been made, the distribution of the settlement funds have been made compliance with the Settlement Petition and proof that the Contra Costa County Probate Court has assumed jurisdiction over each trust; and

P. The Court retains jurisdiction to enforce the Settlement Agreement and this Order.

DATED THIS 27th Day of October 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE